Good morning. May it please the Court, John Lader on behalf of Appellant Anthony Kier Booth. I'd like to first address the waiver issue, because if the Court finds waiver, obviously everything else is moot. I believe that the waiver issue should be resolved by this Court's prior decision in the Gallardo case, which is 755, Fed 3rd, 860. It is not cited in the briefs. I'm not interested in the waiver issue. I wonder if my colleagues disagree. I just want to save time. Thank you, Judge Ellis. I'll be very brief. I submit that the Gallardo case resolves the waiver issue. It's almost identical factually to this case. It involves Marley, under which, under Ninth Circuit law, equitable tolling was jurisdictional until the Wong and June U.S. Supreme Court cases. And the Gallardo Court expressly rejected the same waiver argument that the government makes here. I believe that Congress intended minor claims to be tolled. I believe that for two reasons, the private person mandate, which is set forth in the Federal Tort Claims Act. Let me tell you what I think is your biggest problem. And that is, there's a lot of cases starting with Fernandez that talk about attributing minor claims to the federal court. Attributing the parent's knowledge to the minor. Yes. It goes from Brown to — it's sort of morphed, and I want to talk a little bit about it. Sure. But if those cases are good law, then I think you're sunk, right? No, Judge, because I think those cases go to accrual. And accrual and tolling are separate legal concepts. You can attribute a parent's knowledge to a minor and still toll the minor's claim. Tolling occurs regardless of when a claim accrues, legally. Okay. But let me tell you why I have difficulty with that. If you attribute — I mean, you have to look at some of the language of these cases. This is Chief Judge Chambers, you know, being grown, waxing lyrical about, we were blind if we didn't know that when there was money around, just about all the claims would go to courts with guardians and light them. I mean, so just that parents have a responsibility to bring these claims on behalf of minors, and if they're able to get to the courthouse, that's good enough. The fact that the minor doesn't have anything to say about it — I'm familiar with the cases, Your Honor, and I've read them. And again, I believe if you look at 2401B, the statute of limitations, it actually refers to both concepts. 2401B refers to accrual. 2401A talks about disabilities and tolling. They are separate legal concepts, and they're not necessarily inconsistent. And I believe you can have a case where a plaintiff's claim accrues, but the statute of limitations would still be tolled. And that's why I don't — I think — I mean, the parent's knowledge is attributed to the minor, but the parent's inaction in failing to bring a claim is not attributed to the minor. I — I would first point out in this case, Judge, that there is absolutely no evidence of what the minor's parent's knowledge was. There was no discovery. There's no evidence, even if we accept it's true, the concern Your Honor has. No deposition was taken of the plaintiff's mother, and there's no evidence for what knowledge she had. And so I believe on that reasoning, it would be improper, it was improper for the trial court, the district court, to grant summary judgment, because there's no evidence on that point. But I believe even if there was, again, I believe that the concepts are distinct and different. And I truly believe that Congress intended that minor claims be tolled when they passed the Federal Tort Claims Act in 1946. If — and there's two reasons for that. Kennedy. Well, many of statutes have statutory tolling for minority. There's equitable tolling and statutory tolling. Horwich. Correct. Kennedy. And Congress didn't include statutory tolling for minors. Could have thought about it, didn't. Horwich. I disagree. If Your Honor looks at 2401B, it specifically refers to tolling. It says, "... the action of any person under legal disability," and I would point out that minority is probably the most recognized legal disability in American jurisprudence, "... the action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases." And I think this answers Your Honor's prior question about accrual and tolling. There are different concepts. 2401A says even if the claim accrues, you still toll because of the disability. And that's the situation here. I — there is case law from this — Kennedy. But we have case law that says this is not the case — this is not so. There's no statutory. I mean, very clear case law. It may be wrong. Horwich. Well, what we have, Your Honor, is — Kennedy. I mean, what's the case? Landis certainly says that, right? Horwich. Your Honor, I believe Landis was one of the cases that's based on the premise that the — that the 2401B is jurisdictional, and that case was overruled by 1 of June. Kennedy. But if it's jurisdictional, it doesn't matter. If it doesn't accrue because of disability, then it doesn't matter whether it's jurisdictional or not because the claim doesn't accrue. So the statute of limitation isn't running. Right? Horwich. Well, Your Honor, I — Kennedy. And yet — and yet our cases say we have decided that minority is not — is not a basis for — Horwich. Correct. But all of those cases were based on the premise that the statute of limitations is jurisdictional, which is no longer the case. And because that premise has been reversed, all of the cases Your Honor is referring to have also by necessity been reversed. It's no longer jurisdictional. All those cases are gone. This is an issue of first impression. And obviously, if Your Honor believes that accrual and tolling are not independent, then I believe Your Honor is correct that I lose. But I believe legally they're separate and distinct. And again, a claim can be — the statute can be tolled even if it's accrued. That's because there's a disability. I would like to point out to the Court there is adverse authority. There's a 1956 Ninth Circuit case, U.S. v. Glenn, 231, Fed Second, 884, that says 2401a, which is the general statute of limitations for claims against the government, doesn't apply to tort cases. It's an old case. It's been cited a few times. But I submit to this Court that that case was wrongly decided. Is it in your brief? I did not cite it in the brief, no, Your Honor. Did you give us a 28-J? To this point, no. I came across the case as I was preparing for oral argument. When was that? Last night. Okay. That's many hours between then and now. Given that my office is in Tucson, it would have been logistically difficult. And I apologize for — There are such things as computers, you know. I'm willing to bet good money that if you want to get into a computer in your office from your hotel room, you can do it. And I did, Your Honor. And it didn't occur to me to get that notice of supplemental authority. It's a better excuse than saying I'm away from home. Agreed. So what is this case that you've now pulled out of your hat? So Glenn says that 2401a, which is the general statute of limitations for any case against the government, Glenn says that doesn't apply to Federal tort claimant cases, and that only 2401b applies. It was a two-to-one decision based on not statutory language but legislative history. Two judges believed the legislative history compelled that result, but one of the judges disagreed and felt the legislative history compelled a different result. That is that 2401a also applies to tort. And what relevance does it have? Because 2401a is the statute that says in every civil action a person under legal disability has three years after the disability ceases. In other words, if you apply 2401a, the statute is told because Anthony was a minor. But Glenn says it doesn't apply. Glenn says 2401a doesn't apply. And that's circuit law. It is. But I submit to you that the U.S. Supreme Court has never addressed the issue. And, in fact, there is a case, which is U.S. v. Mataz. And I'm glad to submit these supplemental authorities. But the U.S. Supreme Court has defined 2401a. I think you also didn't tell the government you're going to be talking about it today. I'm sorry, Judge. You didn't tell opposing counsel you're going to be talking about these cases. I did not. It would have been courteous to do, so she can be prepared. It would have been, Your Honor, but I didn't. Okay. You didn't do it. I did not. But if so But it won't happen again, will it? No, sir. I would be, and if the Court wishes additional oral argument, I'd be glad to appear, if necessary, or if the Court wishes to order supplemental briefing. But I think it's an important issue. I believe that Federal law is out of step, Federal common law is out of step, with what Congress intended for the Federal Tort Claims Act. Almost every American jurisdiction tolls claims for minors, and Federal law does not do that under the Federal Tort Claims Act. And this Court has an opportunity to do that. All of that has nothing to do with Wong. I disagree. With equitable tolling. I disagree. Okay. Explain. Well, because all of the cases that previously forbade tolling of a minor's claims were based on the very premise that Wong reverses. They forbade minor tolling because it was jurisdictional. There's eight or nine cases.  But the reason that minor claims weren't told But if the claim doesn't accrue, then you really don't have the statute of limitations doesn't begin to run. So it just deals a completely different issue. Well, there's two ways a statute can commence. One is with accrual if it's not tolled. But even if a claim accrues, if it's tolled, for example, because of concealment, it can, tolling can apply. I'd like to also briefly address the private person mandate. In addition to 2401A, and this is covered in my brief, Your Honor, the private person mandate, which states that the intent of Congress in passing the Federal Tort Claim Act was to hold the United States liable in accordance with the law of the place where the act of omission occurred. It's not a limitation on the substantive law of the place where the negligence occurred. It's the law as a whole. Subsequent U.S. Supreme Court authority makes that clear. The point is that in every State in the Union, I think, except two, again, this claim would be timely if minor claims are tolled. So the private person mandate, I believe, requires the tolling of minor claims. And I believe that the language of 2401A ---- But does a private person mandate apply to statute of limitations? I mean, if it did, you wouldn't have an FTCA statute of limitation. You would have 50 different statute of limitations depending on where the tort occurred. And Congress made the decision, no, we're going to have one statute of limitations. I don't see how you can say ---- So clearly the private person mandate does not apply to statute of limitations, right? I disagree. It applies to the private person mandate. No, it doesn't. I mean, you know, in California, I think we have a 3-year rule for tort claims. I may be wrong. But I believe it's something like 3 years. But if you're suing the United States, it's got to be within 2 years. So the private person gets a better or worse deal than the United States. The statutes of limitation are different, and I agree that statutes of limitation ---- That's all I said is, when it comes to statute of limitations, the private person mandate does not apply. And with all due respect, I disagree to the extent that Congress has made it clear in 2401A that minor claims should be told. And I agree that the statute of limitation is procedural, not substantive, and that Federal law applies. But in gleaning congressional intent ---- No. 2401 is another provision that Congress enacted that doesn't apply to private persons. So the private person mandate, which says the United States gets treated as any private person under State law would get treated, does not apply. And nothing you've said is contrary to that. The fact that 2401 has something that's sort of similar does not make it the private person mandate. If the Court is correct, that's the premise. If the premise is correct, that the private person mandate doesn't apply to the statute of limitations, then you're correct. I believe the private person mandate does apply, and I believe the language of 28 U.S.C. 1346b1 makes it clear that the private person mandate applies. But if Your Honor is correct that it doesn't apply, then we lose. But I believe that the private ---- I'm not sure you lose. You know, there are many other pathways to ---- that you might have to victory. But I just don't see how you can take the private person mandate and say it doesn't apply to which statute of limitations you have, but then you do apply to waiver or accrual. Judge, excuse me. I have very short time. I'd like to reserve what I have left for rebuttal if I could. Okay. Thank you. May it please the Court. My name is Ann Harwood. I'm an assistant United States attorney from the District of Arizona, and I represent the United States in this matter. This Court should affirm the district court's ruling below because the FTCA is a limited waiver of sovereign immunity. Not as limited as it used to be. Very true, Your Honor. Okay. We're in a new era. That new era, though, Your Honor, does not affect this case. The Wong case did not in any way affect the two-year statute of limitations. And as the Court pointed out when questioning — I'm sorry. It did. It said you can get equitable tolling. So that very much affects the statute of limitations. That's completely new. It used to be everybody thought it was jurisdictional. We all thought it was jurisdictional, except Judge Berzon, who had the opinion below in Wong. Well, Your Honor, I believe you didn't think it was jurisdictional either. I was wrong. Yeah. I was wrong. So to say there's no change with a straight face just strikes me as not a good way for you to start or establish credibility. It seems to me you have to acknowledge the fact that we're in a new era now when it comes to statute of limitations, the FTCA. You have to take it from there. If you're not willing to take it from there, I'm not going to believe a thing you say. All right, Your Honor. Counsel, isn't it true, though, that other circuits have recognized equitable tolling of the FTCA's statute of limitations while also denying minority tolling and finding that equitable tolling and minority tolling are two different concepts?  Correct, Judge Ellis. And the point is this, that the FTCA is governed by Federal procedural law. The FTCA is also governed by State substantive law. The appellate in this case has conceded on page 7 of his reply brief that Federal procedural law governs this case, and Wong did nothing to eliminate the mandatory requirement that a claim be filed within two years of the statute of limitations. And, in fact, Your Honor, I wanted to address this. I'm sorry. Why didn't it? I mean, why didn't Wong stand for the proposition that, in fact, you can go far beyond two years if you have equitable tolling? Equitable tolling is a different concept, Your Honor. Equitable tolling is a judge-made concept, whereas statutes of limitations are creatures of either Congress or State legislature. Equitable tolling is a concept in equity. It's a fairness concept. And so what the Court held, to get equitable tolling, you have to show that you were pursuing your rights diligently and that extraordinary circumstances stood in your way. In this case, neither one of those apply. There was nothing about the district court simply refused to look at it. I mean, for a reason that struck me as bizarre, saying the issue wasn't appealed on the last appeal. Where did the district court get that weird idea? Well, Your Honor, if I could, at the district court level. We don't have any district court ruling on that. I mean, the district court discusses all sorts of questions about what Mr. and Mr. Leader should have known and all sorts of stuff, but does not discuss the effect of minority on equitable tolling. The status of someone being a minor in and of itself would not qualify for equitable tolling. Someone's status. Well, why not? Because no court has ever said that just because you're under the age of 18 that you are somehow. It's not a factor. It's not something that can be considered. Not under equitable tolling. You have to show that you were pursuing your rights diligently. And if I could point out to the Court. Well, why couldn't you say, well, you know, I was 2 years old. You know, I was trying diligently to suck my bottle, not, you know, I didn't really know how to get to Federal court. I didn't even know what a Federal court was. But, Your Honor. Why is that any worse an argument than Ms. Wong had? Well, because this Court has held, as the Court pointed out, that the parent's knowledge is imputed to the child. And that has never changed. Yes. Yes. We can talk about that. But to say that minority just can't be considered in equitable tolling. What if the child is an orphan? You know, to say it never, it can't be taken into account. But, counsel, wouldn't you find then in that instance that the fact that the child is an orphan would go to the equitable nature of equitable tolling and have nothing to do with minority in that the child had no one to stand in his or her shoes and proceed with whatever case there was? You're not going to buy that, are you? No. I think that. Because obviously there's no reason for anybody to stand in the child's shoes unless the child is a minor. So, you know, the premise is, of course, it does matter. But, you know, we may have some excuse for it. You may have an adult who. Well, it's pretty well established now that next friend, just about everybody has a process for having a next friend bring an action on behalf of a minor. That's true, Judge Schroeder. And equitable tolling has an element of looking at the particular circumstances. My understanding of minority tolling was that it was just kind of an absolute based upon the age of the person. That is correct, Judge Schroeder. Yes. That's your understanding as well? Yes. But we don't really know in this case because the district court refused to engage in that analysis. Well, actually we do, Your Honor, because if you look at supplemental excerpts of record at 144, you will note that the plaintiff Which is what? It is the docket sheet from the State court action where plaintiff, where Booth's mother filed an action in Arizona State court suing the State of Arizona and some contractors for this very accident. So Booth did have someone representing his rights and was aware that he had a claim. But yet that claim was not pursued against the United States at that time. So what you're doing is you're attributing the parent's inaction or failure to act to the child. Correct. And where do you get that from? Well, as a part of the two-part test for equitable tolling, you would have to be able to show that you were pursuing your rights diligently. And here, Booth's mom says, look, I'm a minor. I've got an incompetent parent. I wasn't able to pursue the rights diligently. Where do you get the idea that the parent's failure to be diligent gets attributed to the child? This Court's longstanding precedent that says that the parent's knowledge is imputed to the child under the Federal TOR Claims Act. Those are very interesting. But given that we already held that the statute of limitations can't be tolled why isn't all of that dicta? We already said it's jurisdictional and it can't be tolled. We held that all the way back in Brown and even in, this is in 1966 in Glenn, I'm sorry, in Pittman in 1965. We held this is jurisdictional. It can't be tolled. So what does what we then say about the parents? I mean, as best I can tell, what they're saying is, look, this is jurisdictional and if the kid wants relief, he had better make sure that the parent, you know, it's up to the parents to bring the claim. But what does pronouncements of our cases, once we've said this is a jurisdictional bar, what role do they play in those cases? We have to go back to the legal analysis of what is procedural and what is substantive law. This Court and the Supreme Court has held in Kubrick that statutes of limitation are procedural law. And under those circumstances, the FTCA's two-year statute of limitations is procedural. Plaintiff even concedes that in his brief. And this Court has to follow that. Just because we are now allowed equitable tolling under Wong does not mean that the two-year statute of limitations is no longer mandatory. Any kind of statute of limitation is procedural. And moreover, Your Honor, I want to let Your Honor's ---- Kennedy, what follows from that? I don't understand. I'm sorry. What follows from that? Well, then, if the Federal law preempts, essentially, any State statutes of limitations, otherwise, as the Court pointed out, if a State ---- Nobody disputes that. You're whistling in the wind. Nobody disputes that the Federal statute of limitations preempts State statutes of limitations. But we're now in the universe where we say, well, we have a statute of limitations and it's subject to equitable tolling. And the question becomes, what kind of things can you look at in deciding whether there's equitable tolling? One thing you've said is, well, you can't ---- you have to look at the fact that, you know, we've long held that the knowledge of the parents get attributed to the child. So I ask you, why isn't all of that stuff dicta? Because we already held that the statute couldn't be extended. So what difference does all of the ---- what difference did it make in those cases to say, well, the parents should have done it, the child is ---- would have had the same result without that, right? No, Your Honor. I don't believe so, because in those cases, this Court ---- and there's several of them. There's Zavala, there's Landreth. They all ---- in those cases, the plaintiffs in those cases were trying to get tolling for infancy under State law. And the Court said no. The knowledge of ---- I'm looking at Brown. Do you want to look at Brown with me? I mean, just as an example. Or you can take ---- you can pick your case. But I'm looking at Brown. You got Brown? I don't have it right in front of me, no, Your Honor. Do you have it next to you? I may. Here we go. This is Judge Ely, whom Judge Schroeder and I remember well. Remember Walter? Yes, but I'm not going to confess to my age. Oh. We are mere children then. In Chambers. And it says, it is well established, and this is on page 579, that minority does not toll the limitations period prescribed in the Federal Toll Claims Act. Right? Right. And then they go on to say things about how you impute the, you know, the child has to rely on the parents to bring a claim. But once you've said the statute of limitations is jurisdictional and can't be extended, what difference does it make whether or not the knowledge is imputed to the parents? What work does that do? That is Federal common law that applies in this Federal Tort Claims Act case. But we don't just take everything from cases that's set in cases and say it's a holding. It has to do some work. It has to make a difference in the case. And it seems to me that all these cases that talk about how the knowledge of the parents impute to the children, it would have made no difference at all. It's entirely gratuitous. That still is different than. . . I mean, let's say they come out the other way and say we do not impute the knowledge of the parents to the children. The fact would be it is well-established that minority does not provide or does not toll the statute of limitations. Your Honor, Congress's legislative history is clear. It considered tolling for infancy and did not include it. And if you look at 28 U.S.C. 2401, there are two parts to that statute. There's an A part that applies for a six-year statute of limitations for suits against the United States that does include a provision for tolling of three years. But then you have 2401b, which is the statute that applies to FTCA cases, that is silent on tolling for infancy. If Congress had intended for there to be tolling for a disability or minority or whatever, it would have put it in 2401b. It did not. So what work does Wong do? Wong has no effect. Wong has the only thing Wong did is to provide an equitable remedy for plaintiffs who cannot meet the two-year statute of limitations for either something that was extraordinary and they were pursuing their rights diligently. That's all Wong did. And why isn't being a minor such a circumstance? Because the status of being a minor is — I don't think anyone would consider that an extraordinary circumstance. And, Counsel, are there any lines of cases that equate equitable tolling with minority tolling? Not at all, Your Honor. You're absolutely right. Well, where would there be such cases? The Federal courts have held it jurisdictional, so it wouldn't have been the Federal courts. Most State statutes have minority statutory tolling, so it's not an issue. Where would such cases have arisen? Well, Your Honor, I would submit that if you go down the path of — Well, no, just answer my question. Okay. I mean, how would a case like that have come up? Cases like that — There should be no cases saying equitable tolling doesn't apply to minors, right? I'm sorry. Are there? No. I think that equitable tolling would apply not so much to your status as a minor, but to anyone, whether you're an adult or a child. We want to encourage the parents to bring the action. Correct. So that it can be heard in a timely manner. Yes, Your Honor. That is exactly right. But we wouldn't consider a minority to be an extraordinary circumstance that would lead to tolling. Yes, Your Honor. Because that would result in the matter being delayed for the whole period of the minority. Yes, Your Honor. Nobody has ever said that that was a good idea. Right. But the Kubrick case, the Supreme Court case, in fact, says that the intent of — Well, maybe that's what we told, but the question is, you say we have authority. Do we have any authority that says equitable tolling, that minority is not a proper consideration for equitable tolling, State, Federal, anywhere? I do not, Your Honor. But I think it's only common sense, because otherwise, everyone under 18 years old has an extraordinary circumstance. I don't know what Einstein said about common sense. It's a corollary of the principle that the parents have a duty to bring the action, isn't it? Yes, Your Honor. That the what? That the parents have a duty to bring the action. Yes. The fact that it's not an equitable circumstance contributing to tolling is the opposite of — is a corollary of that. Which brings us back to the question of whether those Statesmen saying those things are binding precedent or mere dicta, right? Well, and — but that the second element of equitable tolling is that you need an extraordinary circumstance that are the — that was the cause of the untimeliness. And there's nothing extraordinary about being a minority. There may be something — about being a minor. There may be something extraordinary in that the circumstances where you had no one to be your best friend, that may be extraordinary. But the very fact that you're a minor is something that is shared with everyone. People get over it. People get over it. I think we've beaten this force. Well, it may not be — but I think it would be extraordinary to have a 2-year-old go to the federal courthouse. That would be extraordinary. Or even a 12-year-old. I didn't know how to go to the federal courthouse when I was 12, except when I went for my immigration check to get my green card. Anyway, thank you. Thank you, Your Honor. Judge Ellis, you may be correct that equitable tolling and minor tolling are different legal concepts. But Wong overruled — we have a clean slate on whether minor claims are tolled under the FTCA, because under all of the prior Ninth Circuit cases, going back to Hungerford, which was the first in 1962, all declined to toll minor claims because it was considered jurisdictional. So they're separate issues. So even if you conclude that equitable tolling does not apply to minors, it is still an issue of first impression now, in light of Wong, because Wong reverses all the cases that refuse to toll minor claims. It is an issue of first impression now. So why wouldn't, then, Congress have included minor tolling in 2401B? Because it didn't need to, because it's included in 2401A. And by the express wording of 2401A, it applies in every civil case. 2401A doesn't say we apply it in all cases except tort cases discussed in B. 2401A says it applies in all cases. And there's no reason to believe they didn't intend to include tort cases. If they had intended to exclude tort cases, they would have done so. A and B are in harmony. They're not inconsistent. You can apply both. So, again, I don't actually have any additional comments. If the Court asks questions, I'm glad to answer. But I truly believe this is an issue of first impression. And Congress intended to toll minor claims because it's a fundamental element of American jurisprudence. I submit to the Court. Okay. Thank you. Thank you. The case is arguably submitted. We are adjourned. All rise.
judges: Schroeder, Kozinski, Ellis